REGINA DE BOER, A.K.A. REGINA DE BOER DENGLER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
De Boer v. Commissioner
Docket No. 3656-90.
United States Tax Court
T.C. Memo 1992-107; 1992 Tax Ct. Memo LEXIS 128; 63 T.C.M. (CCH) 2164; T.C.M. (RIA) 92107; February 24, 1992, Filed *128 An appropriate order and decision will be entered for respondent Regina De Boer, pro se. Curt M. Rubin, for respondent. BEGHE
BEGHE
MEMORANDUM OPINION BEGHE, Judge: This case is before us on respondent's motion for summary judgment under Rule 121. [1] The sole issue for decision is whether petitioner is liable for additions to tax for fraud pursuant to section 6653(b) for the taxable years 1974, 1976, and 1977, in the amounts of $ 4,210, $ 22,660, and $ 9,415, respectively. We hold that petitioner is so liable. Petitioner resided in New York, New York, at the time she filed her petition. Respondent determined additions to tax for fraud after the parties had agreed to Federal income tax deficiencies for the taxable years at issue. In the petition herein, petitioner contends that she is not liable for these additions because she "is innocent *129 of any intent or participation in fraud". Respondent filed an answer denying petitioner's allegation and alleging 7. FURTHER ANSWERING the petition, and in support of the determination that all or a part of the underpayments of tax required to be shown on the petitioner's income tax returns for the taxable years 1974, 1976 and 1977 were due to fraud, the respondent alleges: a. The petitioner during the taxable year 1974 realized at least $ 36,850.00 of unreported gross receipts earned as a fabrics broker. b. The petitioner received a Form 1099 for taxable year 1974 from Amtec International Ltd. and Amtec for the amounts $ 8,600.00 and $ 28,250.00, respectively. c. Income taxes were not withheld from the petitioner's compensation during 1974. d. The petitioner had a 1974 Federal income tax return prepared by her accountant, Eugene Cella, based upon information provided to Mr. Cella by petitioner. The petitioner failed to file the income tax return prepared by Mr. Cella. The income tax return prepared by Mr. Cella reflected the following: i. The petitioner had Schedule C gross receipts of $ 36,850.00 earned as an international fabrics broker. The petitioner had net *130 Schedule C income of $ 24,445.00. ii. An income tax of $ 5,874.00 and a self-employment tax of $ 1,043.00 for a total tax liability of $ 6,917.00. iii. That petitioner had not made any prepayments of tax and that the balance due the IRS was $ 6,917.00. e. The petitioner fraudulently and with the intent to evade income tax failed to file a Federal income tax return for the taxable year 1974. f. The petitioner during the 1976 taxable year realized at least $ 119,311.00 of unreported wages from Amtec International Ltd. g. The petitioner for the 1976 taxable year received a Form W-2 from Amtec International Ltd. in the amount of $ 119,311.00. h. Income taxes were not withheld from petitioner's wages during the 1976 taxable year. i. The petitioner during the 1976 taxable year realized $ 6,500.00 of unreported reimbursements for expenses from Amtec International Ltd. j. The petitioner for the 1976 taxable year received a Form 1099 reflecting expense reimbursements of $ 6,500.00 from Amtec International Ltd. k. During 1976 the petitioner and her husband contracted with Putnam Contracting Inc. ("Putnam") to have a tennis court build on their home in Connecticut. The petitioner *131 had the authority to issue checks on the corporate checking account of Amtec International Ltd. The petitioner during 1976 paid at least $ 7,500.00 of the contract price to Putnam by signing and issuing checks of Amtec International Ltd to Putnam. l. The amount alleged in paragraph k above, was income to the petitioner in taxable year 1976. m. The petitioner by using corporate checks to pay for personal expenditures was attempting to fraudulently evade income taxes by concealing income earned by herself. n. During 1976, petitioner and her husband contracted with John Lemay Contracting ("Lemay") to have certain home improvements to be performed on their home in Connecticut. The petitioner in 1976 paid $ 22,600.00 to Lemay by signing and issuing corporate checks of Amtec International Ltd and Mr. Thoreau Fashions, a wholly owned subsidiary of Amtec International Ltd to Lemay. o. The amount alleged in paragraph n above was income to the petitioner in taxable year 1976. p. The petitioner by using corporate checks to pay for personal expenditures was attempting to fraudulently evade income taxes by concealing income earned by her. q. The petitioner had a 1976 Federal income *132 tax return prepared by her accountant, Eugene Cella, based upon information provided to Mr. Cella by petitioner. The petitioner failed to file the income tax return prepared by Mr. Cella. The income tax return prepared by Mr. Cella reflected the following: i. The petitioner had W-2 wages of $ 119,311.00 earned as an international fabrics broker for Amtec International Ltd. The petitioner had other income of $ 6,500.00 from Amtec International Ltd for expense reimbursement. ii. An income tax liability after credits of $ 9,591.00. iii. That petitioner had not made any prepayments of tax and that the balance due the IRS was $ 9,591.00. r. The petitioner in December, 1978 had a second 1976 income tax return prepared by the accounting firm Mahoney, Cohen & Company ("Mahoney"). This income tax return reflected that petitioner had Schedule C gross receipts of $ 39,100.00 and net Schedule C income of $ 23,057.00. Said amounts were not reflected on the 1976 income tax return prepared by Mr. Cella. Petitioner also failed to file the 1976 income tax return by Mahoney. Said return reflected a balance due to the IRS of $ 26,003.00. s. The petitioner fraudulently and with the intent *133 to evade income tax failed to file a Federal income tax return for the taxable year 1976. t. The petitioner during the taxable year 1977 realized at least $ 74,974.00 of unreported gross receipts earned as a fabrics broker. u. The petitioner during the 1977 taxable year realized at least $ 6,250.00 of unreported wages from Professional Textile Brokerage, Inc. v. The petitioner for the 1977 taxable year received a Form W-2 from Professional Textile Brokerage, Inc. in the amount $ 6,250.00. w. The petitioner had a 1977 Federal income tax return prepared by the accounting firm of Mahoney, Cohen & Company ("Mahoney") based upon information provided to Mahoney by petitioner. The petitioner failed to file the income tax return prepared by Mahoney. The income tax return prepared by Mahoney reflected the following: i. The petitioner had W-2 wages of $ 6,250.00 earned as an international fabrics broker for Professional Textile Brokerage, Inc. ii. The petitioner had Schedule C gross receipts of $ 74,974.00 earned as an international fabrics broker. The petitioner had net Schedule C income of $ 65,216.00. iii. An income tax liability after credits of $ 15,399.00. iv. That petitioner *134 had made prepayments of tax of $ 3,808.00 and that the balance due the IRS was $ 12,045.00. x. During 1976, petitioner and her husband contracted with Lemay to have certain home improvements to be performed on their home in Connecticut. The petitioner in 1977 paid $ 9,131.29 to Lemay by signing and issuing corporate checks of Amtec International Ltd and Mr. Thoreau Fashions, a wholly owned subsidiary of Amtec International Ltd to Lemay. y. The amount alleged in paragraph x above was income to the petitioner in taxable year 1977. z. The petitioner by using corporate checks to pay for personal expenditures was attempting to fraudulently evade income taxes by concealing income earned by her. aa. The petitioner fraudulently and with the intent to evade income tax failed to file a Federal income tax return for the taxable year 1977. ab. The petitioner filed a Federal income tax return for the taxable year 1975. ac. The petitioner was aware of her duty to file income tax returns for the 1974, 1976 and 1977 taxable years. ad. The only issue in dispute in this case is the fraud penalty. The issue of income tax deficiencies for taxable years 1974, 1976 and 1977 were settled *135 prior to the issuance of the statutory notice of deficiency. ae. The petitioner's failure to file her income tax returns for the 1974, 1976 and 1977 taxable years is part of a pattern of an intent to evade income taxes. af. All or a part of the underpayment in income taxes for each of the taxable years 1974, 1976 and 1977, was due to fraud with the intent to evade taxes.
Petitioner failed to file a reply to respondent's answer as required under Rule 37. Respondent moved that an order be entered to deem admitted undenied allegations in respondent's answer. This Court notified petitioner of respondent's motion, stating: "If petitioner files a reply as required by Rule 37(a) and (b) of this Court's Rules on or before April 18, 1991, respondent's motion will be denied. If petitioner does not file a reply as directed herein, the Court will grant respondent's motion". Subsequent to this Court's notice, petitioner twice moved to extend time to file a reply. We granted each motion, and petitioner was ultimately ordered to reply by June 17, 1991. No reply was filed, and we granted respondent's motion, on June 25, 1991, to deem admitted undenied allegations in respondent's answer. *136 On August 20, 1991, respondent filed a motion for summary judgment. The motion for summary judgment was calendared for hearing at a trial session commencing on November 12, 1991, in New York, New York, and notice of hearing was served on the parties on August 27, 1991. Petitioner also was ordered to file a reply to respondent's motion for summary judgment on or before September 16, 1991. Petitioner neither filed a reply nor appeared when the case was called for hearing on November 13, 1991. Summary judgment may only be entered "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." Rule 121(b). The moving party has the burden of proving that there is no genuine issue for trial and that he is entitled to a decision in his favor. . All factual materials and inferences are viewed in the manner most favorable to the party opposing summary judgment. Id.
Respondent has the burden of proving petitioner's liability *137 for additions to tax for fraud, and that burden must be met by clear and convincing evidence. Sec. 7454(a); Rule 142(b). To meet this burden, respondent must prove facts necessary to show that petitioner underpaid Federal income tax, and that some portion of this underpayment was attributable to fraud. ; . In the instant case, respondent relies solely on the affirmative allegations deemed admitted to meet this burden. It is clear that summary judgment may be entered where respondent relies solely on affirmative allegations deemed admitted to carry his burden of proof as to fraud. ; . In , this Court stated that in granting summary judgment "Nothing * * * dictates that we should require respondent to present affirmative evidence of fraud, independent of the deemed admissions." Nevertheless, this Court emphasized that, in these circumstances, the allegations *138 deemed admitted must carry respondent's burden of establishing fraud and the underpayment to which it attaches. . Petitioner is deemed to have admitted facts which establish her underpayment of Federal income tax for the taxable years 1974, 1976, and 1977. Petitioner also is deemed to have admitted that she failed to file her Federal income tax returns for the years at issue, and that such failure was both fraudulent and with the intent to evade Federal income tax. In addition to these admissions, petitioner is deemed to have admitted that she fraudulently attempted to evade Federal income tax by using corporate checks to pay for personal expenditures in 1976 and 1977. We find the deemed admissions sufficient to satisfy respondent's burden of proof as to fraud, and, accordingly that petitioner's liability for additions to tax for fraud has been clearly and convincingly shown. On this record, we hold that no genuine issue of material fact exists, and that a decision for respondent should be entered as a matter of law. Accordingly, we will grant respondent's motion for summary judgment. To reflect the foregoing, An appropriate order and decision *139 will be entered for respondent. Footnotes
1. All section references are to the Internal Revenue Code as in effect for the years at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩